AZARIAL B. PIERCE et al., Respondents, *v.* ORRIN H. TUTTLE et al., Appellants.

(Submitted March 26, 1874; decided September 22, 1874.)

THIS was an action to recover damages for the conversion of a quantity of wheat in the straw which the complaint alleged plaintiffs owned as tenants in common. (Reported below, 1 N. Y. S. C. [T. & C.], 139.)

It appeared upon the trial that plaintiff Pierce was the owner of the farm upon which the .wheat was grown; that, in 1866, he let it to plaintiff Weeks, to be worked on shares, each. to have half the grain, Weeks to thresh the grain and deliver Pierce his half. In the fall of 1866 Weeks sowed wheat. On the 26th February, 1867, Pierce contracted to sell and convey the farm to defendant Tuttle, who took possession, under the agreement, in April, 1867. Weeks cut the wheat, and defendant Tuttle, assisted by defendant Slocum, his hired man, drew one half into the barn, while Weeks drew the other half away, threshed and sold it. Defendant gave in evidence a judgment in an ejectment suit in favor of defendant Tuttle, adjudging him entitled to the possession of the farm in question, the complaint in which asked for damages for the withholding, and also for the rents and profits, and the judgment allowed $533.20 damages. Defendants then offered parol testimony that evidence as to the value of the wheat taken by defendant was given ·in the ejectment suit, was submitted to the jury, and that the value of the wheat was recovered therein. This was objected to and excluded, upon the ground that Pierce was not the sole owner of the wheat, and it was not included in the issues in the ejectment suit. *Held*, error; that Tuttle, in taking the wheat, claimed the rights of Pierce as the owner of the freehold, and to own the share taken; that this was a practical severance of the tenancy in common, as far as it could be done by him ; and, although Weeks did not assent thereto, yet, having taken the other half and converted it, he was estopped, as against the true owner, from denying that there was such a severance ;

and if Pierce, the owner, claimed and recovered compensation for the share taken by Tuttle, such assertion of ownership was a ratification, as to Weeks, of the act of severance, as having thus taken his ground, Pierce was equally precluded from claiming an interest in the share appropriated by Weeks, and that, therefore, such a proof would have defeated plaintiffs' action. Upon the point that it was competent to prove by parol that the matter was passed upon in the ejectment suit, the court cited *Wood* v. *Jackson* (8 Wend., 10); *Young* v. *Rummell* (2 Hill, 478); *Kerr* v. *Hays* (35 N. Y., 331).

*Rollin Tracey* for the appellants.

*George O. Rathbun* for the respondents.

CHURCH, Ch. J., reads for reversal.

All concur.

Judgment reversed.